

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2005

# English v. PNC Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3464

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"English v. PNC Bank" (2005). *2005 Decisions.* Paper 209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3464
_____

THERESA L. ENGLISH,

Appellant

v.

PNC BANK; PNC BANK CORP

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 99-cv-00194)
District Judge:  The Honorable David S. Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
October 18, 2005

Before: SMITH, STAPLETON, and NYGAARD, Circuit Judges.

(Filed:  November 22, 2005)

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellant Theresa English was terminated from her thirty year employment with Defendants PNC Bank and PNC Bank Corporation in January 1997. English filed this action alleging age and disability discrimination. The District Court granted PNC Bank's motion for summary judgment.

The District Court's grant of summary judgment in favor of PNC Bank was based on its conclusions that English was not disabled, and that she failed to produce evidence from which a reasonable jury could find that PNC's stated reason for her discharge was a pretext for age and disability discrimination. We will affirm.

**I.**

In 1994, PNC Bank offered a new credit card product with an interest rate of 8.9%. PNC Bank employees, including English, were authorized to possess and use these credit cards. In 1996, PNC Bank raised the interest rate for cash transactions on the cards to 21.5% while leaving the rate for merchandise transactions at 8.9%. During 1996, English inactivated her credit card so that she could not make any new charges. She later reactivated it so that she could once again post charges to her account. After reactivating her card, she noticed that certain transactions on her account were posted at the 21.5%

2

interest rate. English believed that the charges were erroneously posted at this higher rate because she had not received notice from PNC Bank of any change in interest rates. She unsuccessfully attempted to contact the third party vendor in charge of customer service for PNC Bank's credit card department. English then directed a subordinate to access her credit card account and transfer the transactions reported at the 21.5% cash transaction interest rate to the 8.9% interest rate. On January 29, 1997, English and eleven other bank employees were summoned to meet with supervisors regarding transactions in their personal accounts. That same day, English was put on administrative leave for breaching the Bank's Code of Ethics when she engaged in personal transactions in her credit card account.

On January 31, 1997, English was placed on indefinite medical leave by her psychiatrist, Dr. Friedman, who had treated her for depression and alcoholism. On February 4, 1997, Patricia Purcell Mihalopoulos, a human resources representative, told English by telephone that her employment with PNC was terminated effective immediately. English responded that she could not be terminated because she was on indefinite medical leave. Ms. Mihalopoulos answered that she would research this and respond; however, she never did. Instead, PNC Bank sent English benefits applications. English later received a $350.00 check. English then received an official termination letter from Ms. Mihalopoulos, dated March 26, 1997, which stated that her dismissal was effective February 4, 1997.

PNC Bank maintains that English was terminated because she conducted transactions within her personal employee credit card account, an action forbidden by the PNC Bank Code of Ethics Section 2.05 (Conflicts of Interest). PNC Bank specifically asserts that English was fired for instructing a subordinate to transfer particular overdraft transactions from "cash" to "merchandise" which carried the substantially lower interest rate. English documented each step in the transfer to leave an audit trail. Her actions caused her to underpay interest by approximately $40.00[1] by using an unauthorized credit rate for her personal benefit.

English argues that similarly situated younger individuals committed similar infractions of the Code of Ethics and were not terminated and that she was replaced by a younger employee. English submits that the reasons for her termination asserted by PNC Bank were pretexts for discrimination based on her age and disability. English maintains that she had no intent to deceive or defraud PNC Bank as evidenced by her creation of a paper trail of her unauthorized and impermissible personal transactions.

The District Court augmented and adopted the report and recommendation of the Magistrate Judge. The District Court concluded that English was not disabled within the meaning of the Americans with Disabilities Act or the Pennsylvania Human Relations

---

1.    It was initially documented that English had underpaid by $70.00; however, her deposition testimony reveals that it was actually closer to $40.00.

Act and that she had not met her burden of establishing that PNC Bank's stated reasons for her termination were pretextual. *See* 42 U.S.C. §§ 12101-12213; 43 Pa. Cons. Stat. §§ 951-963. The District Court determined that she had failed to make out a *prima facie* case of age discrimination under the Age Discrimination in Employment Act. 29 U.S.C. § 621 *et seq*.

## II.

English is not disabled under the Americans with Disabilities Act or the Pennsylvania Human Relations Act. *See* 42 U.S.C. §§ 12101-12213; 43 Pa. Cons. Stat. §§ 951-963. She testified at her deposition that she had no limitations on her ability to work at the time she was placed on administrative leave and subsequently terminated. There is no evidence on the record to suggest that English's abilities to think, learn and concentrate were compromised at the time of her employment. Although English was in counseling for depression and attending treatment meetings for alcoholism, there is nothing to suggest that these conditions prevented her from attending to and successfully performing her work. In fact, it was not until a full eighteen months after English's termination that her doctors said that she was having "some" problems thinking, concentrating and remembering things. Dr. Friedman testified by affidavit that he had treated English during the times she was still in PNC Bank's employ and that her abilities to think and learn were affected by her depression and alcoholism. However, he provided no evidence to support his conclusions. "Merely having an impairment does not make

one disabled for purposes of the ADA." *Toyota Motor Mfg. Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002). Instead, the plaintiff must demonstrate an impairment which substantially limits major life activities – those of central importance to daily living. *Id*. at 195-97; 42 U.S.C. § 12102(2)(A). English is simply unable to show that she was incapable of performing major life activities as a result of her impairments.

English also points to no record evidence that PNC Bank's stated reason for her termination – violation of the Code of Ethics – was a pretext for age or disability discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639 (3d Cir. 1998). English's problems with alcohol and depression were known to her past supervisors and were in her employee record. Nonetheless, there is no evidence that anyone at PNC Bank knew or thought of English as being "disabled" when PNC Bank terminated her employment. English did not notify anyone at PNC Bank that her doctor had placed her on indefinite medical leave until after she had been told she was terminated. The people who made the decision to terminate English did not know of any disability when they decided to terminate her. Moreover, she testified that while she was still working, no impairment affected her abilities.

English also cannot make out a *prima facie* case of age discrimination under the Age Discrimination in Employment Act. *See* 29 U.S.C. § 621 *et seq.* She fully admitted that she violated the Code of Ethics section for which she was terminated. Similarly,

6

although English alleges that she was replaced by a younger employee, her deposition testimony reveals that she has "no idea of his title or anything like that." In fact, the only evidence proffered by English that she was replaced by a younger employee was hearsay evidence.

Some PNC Bank employees, younger than English, violated the same Code of Ethics section as did she and were not terminated. However, PNC Bank produced evidence that there were also nineteen individuals terminated for the same ethical violation in 1997; thirteen of these individuals were under the age of forty. English cannot simply choose to compare herself to people who help her case and ignore those who do not. *Simpson,* 142 F.3d at 646-47. She "cannot pick and choose a person she believes is a valid comparator who was allegedly treated more favorably, and completely ignore a significant group of comparators who were treated equally or less favorably than she." *Id.* The individuals to whom English compares herself had ethics violations that arose after English's termination and whose factual circumstances were substantially distinguishable from her's.

**III.**

The record does not establish that PNC Bank's asserted reasons for her termination were pretextual. She simply cannot make out a *prima facie* case of age discrimination. The order of the District Court will be affirmed.[2]

---

2.    Judge Stapleton would affirm the order of the District Court on the ground that English has failed to proffer evidence from which a jury would infer that the reason for her termination tendered by PNC Bank was a pretext for either disability or age discrimination. *Simpson*, 142 F.3d 646-47.